UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PHARMACY CORPORATION OF AMERICA d/b/a PHARMERICA, *et al.* | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CASE NO. 3:18-cv-754-RGJ-RSE |
| PREMIER HEALTHCARE MANAGEMENT, LLC, *et al.* | ) ) ) ) ) |
| Defendants. | ) |

**JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN**

Pursuant to the Court's Order for Meeting and Report (DN 30), Plaintiffs Pharmacy Corporation of America d/b/a PharMerica and PharMerica Drug Systems, LLC d/b/a PharMerica (collectively "PharMerica" or "Plaintiffs"), with Defendants,[1] by and through their respective counsel, file this Joint Status Report and Proposed Discovery Plan.

1.   **Rule 26(f) Conference**.  The parties, through undersigned counsel, conferred by teleconference on December 17, 2019.  Jennifer Metzger Stinnett appeared for Plaintiffs.  Jan M. West and John B. Wolf appeared for Defendants.

2.   **Brief Description of Facts and Issues**.

---

[1] Champaign Urbana Nursing and Rehab, LP ("Champaign"), Courtyard Healthcare Center, LLC d/b/a Courtyard Healthcare Center ("Courtyard"), Gardenview Manor, LLC d/b/a Gardenview Manor ("Gardenview"), Gilman Healthcare Center, LLC d/b/a Gilman Healthcare Center ("Gilman"), Norridge Gardens, LLC d/b/a Norridge Gardens ("Norridge"), Pershing Gardens Healthcare Center, LLC d/b/a Pershing Gardens Healthcare Center ("Pershing"), and Winfield Woods, LLC d/b/a Winfield Woods Healthcare Center ("Winfield") (collectively "Facility Operators"), and Premier Healthcare Management, LLC ("Premier") (Facility Operators and Premier are collectively referred to as "Defendants").

**Plaintiffs:** This matter arises out of Defendants' breach of seven Forbearance and Settlement Agreements (collectively, the "Settlement Agreements") that Defendants signed with Plaintiffs to pay for pharmacy-related goods and services provided by Plaintiffs to residents and patients of certain skilled nursing facilities owned and operated by Defendants. Under Section 5.01 of the Settlement Agreements, Defendants agreed to pay Plaintiffs for all goods and services provided through and including May 31, 2017 (the "Old Balance"). Under Section 5.03 of the Settlement Agreements, Defendants agreed to pay Plaintiffs for all goods and services provided after May 31, 2017 (the "New Balance"). The parties agreed that in the event of an uncured default under the Settlement Agreements by Defendants, Plaintiffs would be entitled to seek immediate entry of seven Agreed Orders of Judgment (collectively, the "Agreed Judgments"). Plaintiffs filed this action, moving the Court to enter the Agreed Judgments against Defendants. (*See* Compl. DN 1; Pls.' Mot. Entry Agreed Orders J., DN 7). The Court partially granted Plaintiffs' motion, entering the Agreed Judgments against Defendants for the Old Balance, but declining to grant relief on Plaintiffs' claims against Defendants for the New Balance. (Mem. Op. & Order, DN 29; Order Partial J., DN 32). Thus far Defendants have not disputed that they have defaulted under the Settlement Agreements or that there are amounts owed for pharmacy goods and services provided after May 31, 2017 for which they have not paid Plaintiffs.

**Defendants:** This matter arises from Plaintiffs' Complaint alleging Defendants' breach of the Settlement Agreements that Defendants signed with Plaintiffs to pay for pharmacy-related goods and services provided by Plaintiffs to residents and patients of certain skilled nursing facilities owned and operated by Defendants. Defendants are in dispute over the amounts claimed due an owing by the Plaintiffs.

3. **Joinder of Parties and Amendment of Pleadings**. Any motions to join additional parties or amend pleadings shall be filed no later than March 1, 2020, with any subsequent joinder or amendment requiring leave of the Court.

4. **Discovery Plan**.

a) Rule 26(f)(3)(A). The parties agree to serve their respective initial disclosures pursuant to Rule 26(a)(1) no later than December 31, 2019.

b) Rule 26(f)(3)(B). The parties anticipate that discovery will be needed upon the allegations in the pleadings and all defenses thereto. The parties estimate discovery will be completed by July 1, 2020. The parties do not see a need to conduct discovery in phases.

c) Rule 26(f)(3)(C). No issues are anticipated regarding discovery of electronically stored information. However, should the issue arise, the parties will work together to resolve any issues. The parties will reach further agreement as to the exact form the disclosure of the electronic information will take.

d) Rule 26(f)(3)(D). No issues relating to privilege have been identified at this point and the parties have not reached any agreement regarding a procedure for asserting claims for privilege. To the extent such privilege issues should arise, the parties will work together to resolve the issues and seek assistance from the Court as necessary.

e) Rule 26(f)(3)(E). No changes are required in the limitations of discovery imposed by the Federal Rules of Civil Procedure, including but not limited to the maximum number of interrogatories, requests for admissions, and depositions.

f) Rule 26(f)(3)(F). No additional order should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c) other than the scheduling order which has already been entered by the Court.

      g)      Plaintiffs shall disclose their experts, along with appropriate reports, by <u>April 1, 2020</u>. Defendants shall disclose their experts, along with appropriate reports, by <u>May 15, 2020</u>.

      h)      Supplemental Disclosures under Rule 26(e) shall be due within thirty (30) days of the discovery of new information, but in any event no later than forty-five (45) days before the close of discovery.

5.    **Dispositive Motions**. Dispositive motions shall be filed by <u>August 1, 2020</u>.

6.    **Settlement Prospects and ADR**. The parties believe that a settlement conference with Judge Edwards may be beneficial after the parties have exchanged responses to first sets of requests for production of documents, interrogatories, and requests for admission.

7.    **Judicial Availability**. The parties do not consent to the jurisdiction of a Magistrate Judge for all purposes including entry of judgment pursuant to 28 U.S.C. §636(c).

8.    **Pretrial Disclosures and Objections**. Rule 26(a)(3) pretrial disclosures shall be made by <u>September 1, 2020</u>. The final date to file objections under Rule 26(a)(3) shall be <u>September 14, 2020</u>.

9.    **Trial Date**. This case will be ready for trial by <u>October 2020</u>. The dates mutually convenient for trial include October 12-16, 19-23, 26-30, 2020. The parties estimate that the probable length of trial will be <u>2 days</u>.

Respectfully submitted,

/s/ Jennifer Metzger Stinnett
Jennifer Metzger Stinnett
Matthew Cory Williams
FULTZ MADDOX DICKENS, PLC
101 S. Fifth Street, 27th Floor
Louisville, Kentucky 40202-3116
(502) 588-2000
jstinnett@fmdlegal.com
mwilliams@fmdlegal.com
*Counsel for Plaintiffs*


/s/ Jan M. West (with permission)
Jan M. West
Stephen E. Smith
Aida Almasalkhi
Goldberg Simpson, LLC
Norton Commons
9301 Dayflower Street, Prospect, KY 40059
PH: (502) 589-4440 / FAX: (502) 581-1344
jwest@goldbergsimpson.com
ssmith@goldbergsimpson.com
aalmasalkhi@goldbergsimpson.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 27, 2019, I caused the foregoing document to be served via CM/ECF upon all counsel of record. I also served this document via email on the following:

Gary Ashman
John B. Wolf
ASHMAN & STEIN
8707 N. Skokie Blvd., Suite 100
Skokie, Illinois 60077
(312) 782-3484
(847) 983-0388 (fax)
gashman@ashmanstein.com
jwolf@ashmanstein.com

/s/ Jennifer Metzger Stinnett
*Counsel for Plaintiffs*